**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

NADICA WILLIAMS,

       *Petitioner*,

v.                                                                Case No. 3:26-cv-1619-WWB-LLL

U.S. ATTORNEY GENERAL, et al.,

       *Respondents.*

_____

## <u>ORDER</u>

Petitioner initiated this action by filing a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  Immigration and Customs Enforcement ("**ICE**") is detaining Petitioner at Baker County Detention Center.  (*Id.*).  According to Petitioner, ICE detained her on December 10, 2025, and her removal order became final on February 9, 2026.  (*Id.* at 4).  She argues that her prolonged detention has violated her constitutional rights seemingly under the purviews of *Zadvydas v. Davis*, 533 U.S. 678 (2001).  (*Id.* at 6).

In *Zadvydas*, the Supreme Court held that indefinite detention of aliens raises serious constitutional concerns.  533 U.S. 678.  Once an order of removal is final, ICE should make every effort to remove the alien within a reasonable time.  *Id.* at 701.  The Court also concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation.  *Id.*  "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting *Zadvydas*, 533 U.S. at 701). Thus, "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale*, 287 F.3d at 1052.

To that end, this Court considers only the post-removal-order detention when determining whether the presumptively reasonable six-month period has passed. If ICE detained Petitioner for any period before her removal order became final, that fact is immaterial to the Court's analysis. Here, Petitioner alleges that her removal order became final on February 9, 2026. (Doc. 1 at 4). Thus, the relevant post-removal-order detention began on that date—February 9, 2026. At the time Petitioner filed her Petition on June 16, 2026, she had been in post-removal-order custody for 127 days (excluding the date on which the Petition was filed). Thus, any claim under *Zadvydas* is not yet ripe and is dismissed without prejudice as premature.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition (Doc. 1) and this case are **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on July 6, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-7
C:   Nadica Williams, A209983378

3